JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11–9394 PA (Ex) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Santos Rodriguez v. The Mailing House, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of defendant Brokers Worldwide LLC's ("Defendant") Notice of Removal filed on November 10, 2011. (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). In light of the "strong presumption" against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).

Federal diversity jurisdiction requires that all parties to the action be citizens of different states. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Defendant's Notice of Removal alleges:

> Plaintiff alleges in her Complaint that she is and at all times [relevant for purposes of this Complaint] has been a resident of the State of California. . . . Residence is *prima facie* evidence of domicile. See State Farm v. Dyer, 19 F.3d 514, 519-20 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11–9394 PA (Ex) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Santos Rodriguez v. The Mailing House, Inc., et al. | | |

(Notice of Removal ¶ 8.)  This allegation is defective because it alleges Plaintiff's citizenship based only upon an inference from her residence.  Though residence may be *prima facie* evidence of citizenship under Tenth Circuit authority when a diversity action has been brought to a district court in the first instance, it is not sufficient to establish citizenship in a removed action because there is a strong presumption against removal jurisdiction.  See Kanter, 265 F.3d at 857; Gaus, 980 F.2d at 567.  In seeking to invoke this Court's removal jurisdiction, defendant always bears the burden of proving that removal is proper.  Gaus, 980 F.2d at 566.  Defendant has failed to meet this burden.

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, Count of Los Angeles, Case No. BC 470587.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

_____ : _____

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11–9394 PA (Ex) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Santos Rodriguez v. The Mailing House, Inc., et al. | | |

Initials of Preparer  ps

cc: